Filed 8/16/23  P. v. Scott CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DERRICK ANTHONY SCOTT,<br><br>    Defendant and Appellant. | E074939<br><br>(Super.Ct.No. RIF103852)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.

Affirmed.

Melcher & Melcher and William Paul Melcher, under appointment by the Court of

Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Derrick Anthony Scott filed this appeal from the trial

court's denial of his petition under former Penal Code section 1170.95,[1] since

renumbered as section 1172.6, which sought resentencing on his 2006 attempted murder

---

[1]  Undesignated statutory citations are to the Penal Code.

1

conviction. We dismissed the appeal as abandoned because Scott raised no issues, but it has been transferred back to us by our Supreme Court for reconsideration in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232-233 & fn. 6 (*Delgadillo*) and Senate Bill No. 775 (stats. 2021, ch. 551) (S.B. 775). In supplemental briefing on remand, Scott now has briefed a challenge to the denial of his petition, based on S.B. 775, arguing that "further factfinding is required" at an evidentiary hearing to determine whether he is entitled to relief under current law. The People failed to file any supplemental brief. Nevertheless, the record shows that Scott remains ineligible for relief under current law. We therefore again affirm the trial court's denial of his petition.

Effective January 1, 2019, Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015) amended the state's murder statutes to curtail the use of two theories of vicarious liability for murder. These theories are grounded in situations where the defendant intended to commit some crime other than murder, yet a death resulted. The theories are known as felony murder and the natural and probable consequences doctrine. At the same time, S.B. 1437 also created a statutory procedure for convicted defendants to benefit retroactively from these changes to the law, initially codified at section 1170.95 but later renumbered as section 1172.6. This procedure allows eligible defendants to have convictions based on an abrogated theory of vicarious liability vacated and be resentenced. (§ 1172.6, subd. (a).)

Scott, who was convicted of attempted murder in 2006, filed a petition for such relief in 2019, and then appealed from its denial. His appellate counsel filed a brief

2

raising no issues, citing the procedures in *People v. Wende* (1979) 25 Cal.3d 436, 439, which apply on direct appeal from a conviction when a lawyer for an indigent defendant "'finds his case to be wholly frivolous, after a conscientious examination of it.'" Scott declined an invitation to file his own brief. We dismissed Scott's appeal as abandoned. (*People v. Scott* (2020) 58 Cal.App.5th 1127, opn. vacated Jun. 21, 2023, S266853.)

After Scott petitioned for review, our Supreme Court transferred the case back to this court with directions to vacate our opinion dismissing Scott's appeal and to reconsider the matter in light of *Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233 & fn. 6 and S.B. 775.

Under *Delgadillo*, if, in a criminal appeal from a postjudgment ruling, no issues are raised by counsel and the defendant does not personally file a supplemental brief, "the Court of Appeal may dismiss the appeal as abandoned [and] . . . does not need to write an opinion . . . ." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) However, if the defendant "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)

At the time of our previous opinion, former section 1170.95 did not authorize relief for those, like Scott, who were convicted of attempted murder. Effective January 1, 2022, S.B. 775 expanded the petition process enacted by S.B. 1437 to include individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) S.B. 775 also clarified the evidentiary rules applicable at a hearing on a section 1172.6 petition. (§ 1172.6, subd. (d)(3).)

3

After the Supreme Court transferred the case back to us, we invited the parties to file supplemental briefing. Counsel for Scott filed a brief arguing that he may be entitled to relief under section 1172.6, as amended by S.B. 755, and asking that we remand the matter to the trial court with directions to issue an order to show cause and hold an evidentiary hearing. (See § 1172.6, subds. (c), (d).) The People did not file any response.

Relying on *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*) and *People v. Reyes* (2023) 14 Cal.5th 981 (*Reyes*), Scott argues that the standard aiding and abetting instruction given to his jury created an ambiguity, such that he might have been convicted on an abrogated theory of vicarious liability even in the absence of any instruction on attempted murder under the natural and probable consequences doctrine. *Langi* and *Reyes*, however, both involved implied malice murder. (See *Reyes*, at p. 992; *Langi*, at p. 984.) Their reasoning is not applicable in the context of *attempted* murder. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 546-548 [distinguishing *Langi*, holding section 1172.6 applies to attempted murders only when based on the natural and probable consequences doctrine].)

Thus, Scott's jury was instructed that, to convict on attempted murder, it had to find the direct perpetrator "harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being," and that to aid and abet a crime, a person must act "[w]ith knowledge of the unlawful purpose of the perpetrator" and "[w]ith the intent or purpose of committing or encouraging or facilitating the commission of the

4

crime." (CALJIC Nos. 3.01 [aider and abettor liability], 8.66 [attempted murder].) It follows that Scott's conviction of attempted murder conclusively establishes that the jury found he personally acted with express malice or intent to kill, and did not apply any abrogated theory of vicarious liability. Scott is ineligible for relief under section 1172.6 even after S.B. 775.

DISPOSITION

We affirm the order denying Scott's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____<br>J.

We concur:

MILLER _____
           Acting P. J.

MENETREZ _____
             J.